IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TRACY JACKSON**, <br><br> 4919 Etna Road <br> Whitehall, OH 43213 <br><br>     **PLAINTIFF**, <br><br>  v. <br><br> **COLUMBUS CITY SCHOOLS BOARD OF EDUCATION**, <br><br> C/O Jennifer Adair, President <br> Columbus City Schools Board of Education <br> 270 East State Street <br> Columbus, OH 43215 <br><br> and, <br><br> **KEVIN WASHINGTON**, *in his individual capacity*, <br><br> 270 East State Street <br> Columbus, OH 43215 <br><br>     **DEFENDANTS**. | CASE NO. 2:23-cv-3866 <br><br> **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

**I. NATURE OF THE CLAIMS**

1. This is a civil action by Plaintiff Tracy Jackson against her former employer, Columbus City Schools Board of Education, and her former supervisor, Kevin Washington. Defendants committed one or more the following unlawful acts against Ms. Jackson: (1) interfered with her rights under the Family & Medical Leave Act (FMLA); (2) retaliated against her for exercising her rights under the FMLA; (3) terminated her employment because of her disability; (4) failed to reasonably accommodate her disability; (5) terminated her employment in

retaliation for requesting and/or making use of a reasonable accommodation for her disability; and/or (6) failed to provide her with her notice of continuing health care coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA).

2. Accordingly, Ms. Jackson now files this civil action. She seeks to recover for the harm she has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating its conduct against any other person.

## II. JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

4. Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same transaction or occurrence as her federal-law claims.

5. Pursuant to 28 U.S.C. 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

6. Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because it serves the counties in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

## III. PARTIES

7. Plaintiff Tracy Jackson ("Plaintiff" or "Ms. Jackson") is a natural person who is a resident of Franklin County, Ohio. Defendant Columbus City Schools Board of Education

employed Ms. Jackson as a bus driver for eighteen years; specifically, from 2013 up until Defendants fired her on or after November 18, 2021.

8. Defendant Columbus Board of Education ("Defendant Columbus" or the "District") is the board of education for a public school district located principally in Franklin County, Ohio. Under Ohio Revised Code Section 3313.17, it constitutes a body politic and corporate that is capable of suing and being sued.

9. Defendant Kevin Washington ("Defendant Washington") is a natural person who, upon information or belief, is a resident of Franklin County, Ohio. At all relevant times, Defendant Washington had supervisory authority over Ms. Jackson. Defendant Washington was an individual responsible for, and/or who participated in, the adverse employment action(s) against Ms. Jackson.

### IV. FACTS

10. Defendant Columbus employed Ms. Jackson as a bus driver for eighteen years. During those eighteen years of employment, Ms. Jackson's job performance always met or exceeded expectations.

11. In the summer of 2021, while the City of Columbus school district was on summer break, Ms. Jackson began having seizures and severe headaches.

12. Ms. Jackson ended up hospitalized. She subsequently learned that her seizures and severe headaches were being caused by four brain aneurysms.

13. Ms. Jackson's brain aneurysms significantly limited her in one or more major life activities, including without limitation her ability to care for herself, her ability to perform manual tasks, her walking, her standing, her lifting, her bending, her speaking, her thinking, her communicating, her working, her neurological functions, and her brain functions.

14. Because of her brain aneurysms, Ms. Jackson was temporarily unable to perform the essential functions of her job as a bus driver. Instead, she needed to undergo four brain surgeries which would, after completed, prevent the seizures. Despite Ms. Jackson being discharged from the hospital, her doctor advised her that she should not work until her surgeries were completed.

15. On or about August 16, 2021, as the school year was about to start, Ms. Jackson's husband called Defendant Washington on his wife's behalf. He informed Defendant Washington of the details of Ms. Jackson's medical condition, explained that she had been hospitalized, explained that her doctor advised her to not work until she underwent four surgeries to correct her seizures, and requested that she be allowed a leave of absence to treat her medical condition and eventually return to work.

16. On or about August 16, 2021, Ms. Jackson had worked for Defendant Columbus for at least twelve months and had worked at least 1,250 hours in the preceding twelve months.

17. Ms. Jackson's request for leave, made through her spouse, constituted a request for qualified FMLA leave.

18. Ms. Jackson's request for leave, made through her spouse, also constituted a request for a disability accommodation.

19. After Ms. Jackson's husband informed Defendants of her medical condition and need for leave, they provided an FMLA medical certification form to complete.

20. Ms. Jackson immediately took the FMLA medical certification form to her doctor to complete. Her doctor, however, did not complete it.

21. As a result, Defendants sent Ms. Jackson a disciplinary letter indicating they were going to reprimand her for being absent from her job. Defendants also held a disciplinary

hearing via Zoom. They asked Ms. Jackson about her FMLA paperwork. Ms. Jackson explained that she had given her FMLA certification form to her doctor, but her doctor had not completed it and would not until her surgeries were scheduled.

22. In response, Defendants gave Ms. Jackson until November 3, 2021 to have her doctor complete the FMLA certification form and to submit it to them.

23. After the disciplinary hearing, Ms. Jackson told her doctor how important it was to complete the FMLA certification form. Her doctor completed the FMLA form and submitted it to Defendants on November 2, 2021.

24. During this time, Ms. Jackson had underwent one brain surgery on October 8, 2021, and was about to undergo a second brain surgery on November 11, 2023.

25. Importantly, after Ms. Jackson's doctor submitted the FMLA certification forms on November 2, 2021, Defendants responded that one part of the FMLA paperwork was supposedly missing. Defendants, however, violated 29 C.F.R. § 825.305(c), by failing to specifically state in writing what part was missing so Ms. Jackson could correct the issue with her physician.

26. On November 18, 2021, Defendants fired Ms. Jackson for being absent from work, or what they called "job abandonment." Regardless of the FMLA, Defendants apparently never considered a temporary medical leave as a possible reasonable accommodation for Ms. Jackson's medical conditions and they did not engage in an interactive process.

27. During Ms. Jackson's employment, she received group health insurance benefits from Defendant Columbus, who was the plan administrator and plan sponsor. As a result of the termination of Ms. Jackson's employment, she suffered a qualifying event and lost her group health insurance benefits.

28. Defendant Columbus, however, did not send a written notice regarding Ms. Jackson's right to continuing health care coverage, as required under COBRA, within 44 days. To date, it has never sent Ms. Jackson the required written notice.

29. On February 22, 2023, Ms. Jackson timely filed a charge of discrimination with the Ohio Civil Rights Commission. The charge alleged the same facts and claims under Ohio Revised Code Chapter 4112 as alleged in this Complaint.

V. CLAIMS FOR RELIEF

COUNT I

**Violation of the Family & Medical Leave Act, 29 U.S.C. 2601 *et seq*.**
**(Interference)**

**Against Defendant Columbus**

30. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

31. Plaintiff was at all relevant times an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

32. Defendant Columbus was at all relevant times an "employer" within the meaning of 29 U.S.C. § 2611(4).

33. Consistent with 29 U.S.C. § 2611(11) and 2612(a)(1)(D), Plaintiff was entitled to leave to care for her own serious health condition that temporarily made her unable to perform the essential functions of her job.

34. Plaintiff notified Defendant Columbus of her intention to take FMLA leave.

35. Defendant Columbus denied Plaintiff the full benefits of her FMLA leave.

36. As a proximate result of Defendant Columbus's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

37. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant did not act in good faith and did not have reasonable grounds for believing that its actions complied with the law.

38. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count I.

## COUNT II

### Violation of the Family & Medical Leave Act, 29 U.S.C. 2601 *et seq.* (Retaliation – Termination of Employment)

### Against Defendant Columbus

39. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

40. Defendant Columbus was at all relevant times an "employer" within the meaning of 29 U.S.C. § 2611(4).

41. Plaintiff availed herself of a right protected by the FMLA.

42. Defendant Columbus knew of Plaintiff's protected activity.

43. Plaintiff was subjected to a materially adverse employment action; namely, her termination of employment.

44. A causal connection exists between Plaintiff's exercise of protected activity and the adverse employment action she suffered.

45. As a proximate result of Defendant Columbus's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

46. Consistent with 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to liquidated damages because Defendant Columbus did not act in good faith and did not have reasonable grounds for believing that its actions complied with the law.

47. Consistent with 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count II.

## COUNT III

### Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983
### Equal Protection Clause of the Fourteenth Amendment to the United States Constitution
### (Disability Discrimination – Termination of Employment)

### Against Defendant Washington

48. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

49. Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

50. Defendant Washington was, at all relevant times, a "person" within the meaning of 42 U.S.C. § 1983 because he is sued for money damages in his individual capacity.

51. Defendant Washington acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of her rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated her employment because of her disability or disabilities.

52. As a proximate result of Defendant Washington's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

53. Plaintiff is entitled to punitive damages because Defendant Washington was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

54. Consistent with 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count III.

## COUNT IV

### Violation of Ohio Revised Code Chapter 4112
### (Disability Discrimination – Termination of Employment)

### Against Defendant Columbus

55. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

56. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

57. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

58. Defendant Columbus was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

59. Defendant Columbus violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of her disability or disabilities. Alternatively, Plaintiff's disability or disabilities were a motivating factor in the decision by Defendant Columbus to terminate Plaintiff's employment.

## COUNT V

### Violation of Ohio Revised Code Chapter 4112
### (Regarded-As Disability Discrimination – Termination of Employment)

### Against Defendant Columbus

60. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

61. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

9

62. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

63. Defendant Columbus was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

64. Defendant Columbus violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of her physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in Defendant Columbus's decision to terminate Plaintiff's employment.

### COUNT VI

### Violation of Ohio Revised Code Chapter 4112
### (Retaliation – Termination of Employment)

### Against All Defendants

65. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

66. Plaintiff was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

67. Defendants were at all relevant times "person(s)" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

68. Plaintiff engaged in the activity protected by Ohio Revised Code Section 4112.02(I).

69. Defendants violated Ohio Revised Code Section 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

10

## COUNT VII

### Violation of Ohio Revised Code Chapter 4112
### (Disability Discrimination – Failure to Accommodate)

### Against Defendant Columbus

70. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

71. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

72. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

73. Defendant Columbus was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

74. Defendant Columbus violated Ohio Revised Code Chapter 4112 when it failed to provide a reasonable accommodation for Plaintiff's disability.

## COUNT VIII

### Violation of Ohio Revised Code Chapter 4112
### (Aiding and Abetting Unlawful Discrimination and Retaliation)

### Against Defendant Washington

75. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

76. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

77. Defendant Washington was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

78. Defendant Washington violated Ohio Revised Code Section 4112.02(J) when he aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint.

## COUNT IX

**Violations of the Employee Retirement Income Security Act as Amended by the Consolidated Omnibus Budget Reconciliation Act
29 U.S.C. § 1132(c)(1) and 29 U.S.C. §§ 1161 et seq.**

**(Failure to Provide Required Notice of Right to Elect Continuation Coverage)**

79. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

80. Plaintiff was at all relevant times a "participant" within the meaning of 29 U.S.C. § 1132(a)(1).

81. Plaintiff was at all relevant times a "covered employee" within the meaning of 29 U.S.C. § 1167(2).

82. Plaintiff was at all relevant times a "qualified beneficiary" within the meaning of 29 U.S.C. § 1167(3).

83. Defendant Columbus was at all relevant times an "employer" within the meaning of 29 U.S.C. § 1002(5) and 29 U.S.C. § 1167(4).

84. Defendant Columbus was at all relevant times the "plan sponsor" within the meaning of 29 U.S.C. § 1002(16).

85. Defendant Columbus was at all relevant times the "administrator" within the meaning of 29 U.S.C. § 1002(16).

86. Defendant Columbus violated 29 U.S.C. § 1132(c)(1) when it failed to meet the requirements of 29 U.S.C. § 1166(2) and 29 U.S.C. § 1166(4) with respect to Plaintiff.

87. As a proximate result of Defendant Columbus's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

88. Consistent with 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1, Plaintiff is entitled to statutory damages in the amount of $110 a day from the date of Defendant Columbus's violation.

89. Consistent with 29 U.S.C. § 1132(g), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count IX.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in her favor on all claims in this Complaint and requests the following relief:

A. For the claims under Ohio Revised Code Chapter 4112:

    a. Reinstatement;

    b. All other equitable relief this Court and/or a jury determines is appropriate.

B. For all other claims:

    a. Economic compensatory damages in an amount to be determined at trial;

    b. Non-economic compensatory damages in an amount to be determined at trial;

    c. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

    d. Reinstatement or, in the alternative, front pay in an amount to be determined;

  e. Reasonable attorney's fees incurred in pursuing the claims against Defendants;

  f. All costs and expenses incurred in pursuing the claims against Defendants;

  g. Pre- and post-judgment interest; and/or

  h. All other legal and equitable relief this Court and/or a jury determines is appropriate.

### VII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
Jessica R. Doogan (Ohio Bar No. 0092105)
Paul Filippelli (Ohio Bar No. 0097085)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com
jdoogan@willisattorneys.com
pfilippelli@willisattorneys.com

*Attorneys for Plaintiff Tracy Jackson*